UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TYSON MARSHEK,

    Petitioner,                       Civil No. 5:06-CV-15684
                                       HONORABLE JOHN CORBETT O'MEARA
v.                                  UNITED STATES DISTRICT JUDGE

C. EICHENLAUB,

    Respondent,
_____/

## OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS

### I. Introduction

This is a habeas case under 28 U.S.C. § 2241. Petitioner Tyson Marshek (Petitioner) is a federal inmate at the Federal Correctional Institution in Milan, Michigan, where he is serving a sentence of seventy two months for bank robbery, 18 U.S.C. § 2113(a). Petitioner has filed a *pro se* petition for writ of habeas corpus, in which he challenges a determination by the Federal Bureau of Prisons ("BOP") concerning his eligibility for placement in a community corrections center ("CCC"). For the reasons set forth below, the petition for writ of habeas corpus is denied.

### II. Procedural History

Petitioner was sentenced by the United States District Court for the Southern District of Georgia to a 72-month term of imprisonment for bank robbery on August 14, 2003. According to the Bureau of Prisons' Inmate Locator, which this Court is permitted to take judicial notice of, *See e.g. Rodriguez v. Federal Bureau of Prisons,* No. 2006 WL

1

3782717, * 1 (E.D.Mich. December 21, 2006), Petitioner has a projected release date of June 17, 2008.

On August 17, 2006, petitioner filed a request to be placed in a community corrections center (CCC) in May of 2007. Petitioner was informed that he would not be placed in a CCC until December 17, 2007, which would be six months before his prison sentence is set to expire. Petitioner's appeals to the warden, the regional director and the Central Office for Inmate Appeals were denied.

Petitioner has now filed a petition for writ of habeas corpus on the following ground:

> The B.O.P. has violated petitioner's right to due process by refusing to consider him for CCC placement in accordance with 18 U.S.C. § 3621(b).

## II. Discussion

A petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law or it may summarily be dismissed. *Perez v. Hemingway,* 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001). Federal courts are also authorized to dismiss any habeas petition that appears legally insufficient on its face. *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *See also* Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254. For the reasons that follow, the petition for writ of habeas corpus must be summarily dismissed, because it fails to state a claim upon which habeas relief can be granted.

Petitioner claims that the BOP violated his due process rights by categorically

denying petitioner placement in a community corrections center for greater than six months, without considering the factors set forth in 18 U.S.C. § 3621(b) for determining the location of a federal inmate's placement in the federal penal system.

Prior to December 13, 2002, the BOP was given the authority to determine the location of an inmate's imprisonment pursuant to 18 U.S.C. § 3621(b), which states:

> The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering-
> (1) the resources of the facility contemplated;
> (2) the nature and circumstances of the offense;
> (3) the history and characteristics of the prisoner;
> (4) any statement by the court that imposed the sentence-
> (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
> (B) recommending a type of penal or correctional facility as appropriate; and
> (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

A different statute, 18 U.S.C. § 3624(c), however, states:

> The Bureau of Prisons shall, to the extent practicable, assure that a prisoner serving a term of imprisonment spends a reasonable part, not to exceed six months, of the last 10 per centum of the term to be served under conditions that will afford the prisoner a reasonable opportunity to adjust to and prepare for the prisoner's re-entry into the community. The authority provided by this subsection may be used to place a prisoner in home confinement.

For many years, the BOP considered CCCs to be penal or correctional facilities and therefore determined that the "imprisonment" portion of a sentence could be satisfied

by a federal prisoner's confinement in a CCC. *See United States v. Serpa*, 251 F. Supp. 2d 988, 989 (D. Mass. 2003). Prisoners could be placed in CCCs for up to six months at the end of their prison terms, regardless of the total length of their sentences. *See Hacker v. Federal Bureau of Prisons,* 450 F. Supp. 2d 705, 709 (E.D. Mich. 2006)(citing *Woodall v. Fed. Bureau of Prisons*, 432 F. 3d 235, 240 (3rd Cir. 2005)).

On December 13, 2002, the Attorney General's Office of Legal Counsel (hereinafter "OLC") issued a legal memorandum which states that the BOP no longer has any discretionary authority to place an offender in a CCC based upon criteria set forth under 18 U.S.C. § 3621(b). The memorandum opinion stated:

> When an offender has received a sentence of imprisonment, the Bureau of Prisons does not have general authority, either upon the recommendation of the sentencing judge or otherwise[,] to place such an offender in community confinement at the outset of his sentence or to transfer him from prison to community confinement at any time BOP chooses during the course of his sentence.

(December 13, 2002 OLC Memorandum).

The First and Eighth Circuits held that this policy change was contrary to the plain meaning of 18 U.S.C. §§ 3621 and 3624. *See Elwood v. Jeter*, 386 F. 3d 842 (8th Cir. 2004); *Goldings v. Winn*, 383 F. 3d 17 (1st Cir. 2004).

In response to these cases, the BOP implemented two new regulations on February 14, 2005 regarding the placement of inmates in CCCs. 28 C.F.R. § 570.20 "provides the Bureau of Prisons' (Bureau) categorical exercise of discretion for designating inmates to community confinement. The Bureau designates inmates to community confinement only

as part of pre-release custody and programming which will afford the prisoner a reasonable opportunity to adjust to and prepare for re-entry into the community." 28 C.F.R. § 570.21 states that the BOP "will designate inmates to community confinement only as part of pre-release custody and programming, during the last ten percent of the prison sentence being served, not to exceed six months." The BOP will not designate a prisoner to community confinement for a longer period unless "specific Bureau programs allow greater periods of community confinement, as provided by separate statutory authority." 28 C.F.R. § 570.21.

The three circuit courts which have reviewed these new regulations have held them to be an invalid exercise of BOP rulemaking authority. *Levine v. Apker,* 455 F. 3d 71, 87 (2nd Cir. 2006); *Fults v. Sanders*, 442 F. 3d 1088, 1092 (8th Cir.2006); *Woodall*, 432 F. 3d at 248-49. District courts around the country have been divided on the issue. *Woodall,* 432 F. 3d at 244, n. 9-10. Petitioner relies on these cases to argue that the BOP's categorical refusal to place him in a CCC more than six months prior to his release date, without considering the factors contained in § 3621(b) to determine an inmate's placement, violates his constitutional rights.

As an initial matter, this Court has jurisdiction to hear this petition. A petition for writ of habeas corpus filed by a federal inmate under 28 U.S.C. § 2241 is proper where the inmate is challenging the manner in which his or her sentence is being executed. *Capaldi v. Pontesso*, 135 F. 3d 1122, 1123 (6th Cir. 1998). Petitioner's challenge to the BOP decision regarding CCC placement is properly brought in a section 2241 petition.

5

*Hacker,* 450 F. Supp. 2d at 709 (citing *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991)); *See also Levine,* 455 F. 3d at 77-78; *Woodall,* 432 F. 3d at 242-44.

Petitioner is not entitled to habeas relief on his claim. First, state and federal prisoners generally enjoy no constitutional right to placement in a particular penal institution. *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983). Section 3624(c) "does not require placement in a [community corrections center]. It only obligates the [Bureau of Prisons] to facilitate the prisoner's transition from the prison system." *Elwood*, 386 F. 3d at 847; *See also Woodall*, 432 F. 3d at 251 ("[T]hat the BOP may assign a prisoner to a CCC does not mean that it must."); *Levine,* 455 F. 3d at 75("the combined import of the statutes [§ 3621(b) and § 3624(c)] was to give the BOP discretion to transfer an inmate to a CCC for a period longer than six months or ten percent of his sentence, but to *oblige* the BOP, where practicable, to transfer inmates to a CCC for a reasonable part of the last ten percent, *not to exceed six months*, of his sentence")(emphasis added). In addition, "the obligation is qualified by the phrase 'to the extent practicable.'" *Elwood,* 386 F. 3d at 847. "[N]othing in the language of section 3624(c) mandates that all prisoners pass through a community treatment center en route to free society." *United States v. Laughlin*, 933 F. 2d 786, 789 (9th Cir. 1991); *see also Fagiolo v. Smith*, 326 F. Supp. 2d 589, 592-93 (M.D. Pa. 2004) (prisoner is not entitled to placement in a community corrections center under 18 U.S.C. § 3624(c)). Thus, Section 3624(c) does not create a protected liberty interest to any pre-release treatment. *See Lyle v. Sivley,* 805 F. Supp. 755, 761 (D. Ariz. 1992).

Moreover, the cases cited by petitioner have ruled that the BOP's 2005 regulations limiting halfway house placement to the last 10 % of a federal inmate's sentence are invalid, but do not address petitioner's contention that he is entitled to CCC placement in excess of six months. In the cases cited by petitioner, the inmates, who received less than six months' CCC placement, sought the maximum six-month period allowed by the statute. The courts held that the BOP could not use 28 C.F.R. § 570.21(a) to categorically limit an inmate's eligibility for CCC placement based on the length of his sentence. None of these courts, however, determined that the BOP may exceed Section 3624(c)'s statutory provision that limits pre-release custody to a term "not to exceed six months." In fact, the Eighth Circuit in *Elwood* held that the BOP's duty under Section 3624(c) [regarding pre-release treatment] "shall not extend beyond the last six months of the prisoner's sentence." *Id.* at 847; *See also Levine,* 455 F. 3d at 79, n. 5 (acknowledging that under the pre-December 2002 policy, inmates would not be considered for CCC placement prior to the final 180 days of their sentence, except "with extraordinary justification"); *Fults,* 442 F. 3d at 1089-92 (upholding district court's order that the BOP was to consider in good faith whether to transfer petitioner to a CCC to serve the final 180 days of his sentence) ; *Woodall,* 432 F. 3d at 251 (granting habeas relief and holding that the petitioner should be placed in a CCC for the last six months of his sentence without regard to 2005 regulations); *Fagiolo,* 326 F. Supp. 2d at 592 (federal prisoner was entitled to have BOP consider his transfer to community corrections center for last six months of his sentence under its former [pre-December, 2002] practice).

In the present case, the BOP has apparently approved petitioner for CCC placement for December 17, 2007, which would be the last six months of his prison sentence. Therefore, assuming that petitioner would be entitled to consideration for CCC placement under the BOP's policies that were in effect prior to December of 2002, the record indicates that petitioner has been given all the relief to which he would be entitled in this action, namely, the six months CCC placement. Therefore, the instant petition is subject to dismissal. *See Bustamante v. Federal Bureau of Prisons,* 2005 WL 2100701, * 2 (M.D. Pa. August 29, 2005).

### III.  ORDER

Accordingly, the Court **SUMMARILY DISMISSES** the petition for writ of habeas corpus. Because a certificate of appealability is not needed to appeal the dismissal of a habeas petition filed under § 2241, *See Hervey v. United States*, 105 F. Supp. 2d 731, 736 (E.D. Mich. 2000), Petitioner need not apply for one with this Court or the Sixth Circuit before seeking to appeal this decision.

                                                 s/John Corbett O'Meara
                                                 UNITED STATES DISTRICT JUDGE

Dated:  January 10, 2007

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, January 10, 2007, by electronic and/or ordinary mail.

                                                 s/William Barkholz
                                                 Case Manager